| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |  | |
|---|---|---|---|
| NESTOR RODRIGUEZ, #18360-078 | § | | |
| | § | | |
| *versus* | § | CIVIL ACTION NO. 4:12-CV-453 | |
| | § | CRIMINAL ACTION NO. 4:11-CR-9(1) | |
| UNITED STATES OF AMERICA | § | | |

## MEMORANDUM OPINION AND ORDER

In a motion for reconsideration, Movant Nestor Rodriguez asks this Court to reconsider its "Final Judgment" denying his Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. If a motion for relief from judgment is filed within twenty-eight (28) days of final judgment, Movant's motion should be filed as a motion under Rule 59. Fed. R. Civ. P. 59(e). If the motion is served after that time, it falls under Rule 60(b). Fed. R. Civ. P. 60(b). This motion is properly filed under Rule 59(e) as it was filed within twenty-eight days of final judgment.

Rule 59(e) is properly invoked to "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). Rule 59(e) allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

A review of the record shows that, on March 13, 2013, the Court ordered Movant to complete and submit a standard § 2255 form within thirty days. The Clerk of the Court included a standard § 2255 form with the order for Movant's benefit. Thirty-four days later, Movant had not complied with the Court's order. Accordingly, United States Magistrate Judge Amos L. Mazzant submitted a Report and Recommendation on April 16, 2013, recommending that Movant's case be dismissed for failure to prosecute. Movant was given fourteen days to file objections. Twenty-eight days later, no objections had been filed. Thus, on May 14, 2013, this Court adopted the findings and conclusions of the Magistrate Judge and dismissed the case without prejudice for failure to prosecute.

Movant, in his motion for reconsideration, now asks the Court to reopen his case and also to grant an extension of time in which to file a standard § 2255 form. He claims that the prison was placed on lock-down status from April 16 through April 29, 2013. He provides a letter from the prison Unit Manager confirming that, during these dates, the inmates did not have access to the law library. Additionally, Movant also claims that the law library was closed "most of its hours" on May 11, 2013, and May 17, 2013, "due to other staff technicalities." He provides no support for these assertions. It appears that Movant's motion for reconsideration is premised on the argument that reconsideration is necessary to prevent a manifest injustice.

Movant provides evidence that he was prevented from visiting the law library between the dates of April 16 through April 29, 2013. However, he fails to show how he was prevented from completing the standard § 2255 form in the thirty-four days prior to the beginning of lock-down. Consequently, Movant has failed to show that denying his motion for reconsideration will result in a manifest injustice. It is therefore

**ORDERED** that Movant's Motion for Reconsideration (#7) filed pursuant to Rule 59(e) is **DENIED**. Movant may file a Rule 60(b) motion for relief from judgment. In it, he must show evidence of a manifest injustice. A Rule 60(b) motion must be filed within a "reasonable time." Fed. R. Civ. Proc. 60( c). Additionally, since Movant's §2255 motion was denied without prejudice, he may also file another § 2255 action. This Court, however, declines to express an opinion as to the timeliness of a second § 2255 motion. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 19th day of June, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE